# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Evenstad, | Case No. 20-cv-1101 (DSD/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Caroline Hood, LuAnne Buck, Tina Tolletson, and RS Eden, | |
| Defendants. | |

Rather than pay this action's filing fee, Plaintiff Thomas Evenstad filed an "Affidavit of Indigency for In Forma Pauperis" with his Complaint. [Doc. No. 2.] In an Order dated June 8, 2020, this Court indicated that the affidavit was not an appropriate application to proceed in forma pauperis ("IFP") and ordered Evenstad "to either (1) pay this action's normal filing fee, and then pursue his claims as a non-IFP litigant; or (2) submit a new, complete IFP application." (Order 2 [Doc. No. 5].) The Court gave Evenstad 14 days—*i.e.*, until June 22, 2020—to meet this requirement, failing which the Court would recommend dismissing this action without prejudice for failure to prosecute. (*See id.* (citing Fed. R. Civ. P. 41(b)).)

On June 12, 2020, this Court received a one-page letter from Evenstad. [Doc. No. 8.] Evenstad asked the Court to send him a copy of an IFP application form. He also asked for a new deadline accounting for the time that he purportedly needed to (1) receive the form from the Court and (2) get a trust-fund-account statement from

prison officials. On June 16, 2020, the Court entered an order giving Evenstad 21 days—*i.e.*, until July 7, 2020—to either pay the filing fee or submit "a new, complete long form IFP application." (Order 2 [Doc. No. 9].) The Court again warned that if Evenstad failed to comply, the Court would recommend dismissing this action for failure to prosecute. The Court also directed the Clerk of Court to send Evenstad a copy of the long-form IFP application.

Evenstad did not pay the filing fee or submit a new IFP application by the new deadline. On July 13, 2020, however, the Court received written notice dated July 7, 2020, from Evenstad of an address change. (Evenstad Ltr. [Doc. No. 10] ("July 2020 Letter").) Evenstad's letter asked the Court to, *inter alia*, send him "another IFP Trust Fund Certificate" for him to submit to prison authorities at his new location. (*Id.*) On July 14, 2020, the Clerk of Court mailed Evenstad a new IFP application form at his new address. Evenstad filed notice of a new address on August 7, 2020 [Doc. No. 12] and again on August 13, 2020 [Doc. No. 13].

As of today, August 31, 2020, Evenstad still has not paid the filing fee or submitted a new long-form IFP application. Accordingly, this Court now recommends, in accordance with its prior orders, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: August 31, 2020	 s/ *Hildy Bowbeer*
			Hildy Bowbeer
			United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).